Salah Khatib, Esq. (Bar no. 330359)
Abusharar and Associates
501 N. Brookhurst St. #202
Anaheim, CA 92801
Tel: 714-535-5600
Fax: 714-535-5605
Email: associate2@abushararlaw.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohammed Abdel Aziz; Raed Abu Awwad; Iftikar Abu Awwad; Tasnim Abu Awwad; Aseel Abu Awwad;  Mohammed Abu Awwad; Malak Abu Awwad<br><br>Plaintiffs,<br><br>vs.<br><br>**United States Department of State; Antony J. Blinken,** Secretary of State of the United States; **Ian G. Brownlee,** Assistant Secretary of State for Consular Affairs; **Wendy Ruth Sherman,** Deputy Secretary of State; **Catherine Barry,** Senior Advisor at U.S. Department of State; **Michael Ratney,** Charge d'Affaires of U.S. Embassy in Jerusalem, Israel; **United States Embassy in Jerusalem, Israel; Christine Parker,** Chief, Outreach and Inquiries Division of Visa Services in the Department of State,<br><br><br>Defendants. | Case No.:<br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 1

**<u>INTRODUCTION</u>**

1.   This action is brought by Plaintiffs to compel Defendants and those acting under them to take action on Plaintiff Raed Abu Awwad's pending immigrant visa application.

2.   Plaintiff Raed Abu Awwad is eligible to have his immigrant visa application adjudicated. Plaintiff Iftikar Abu Awwad is the spouse of Raed Abu Awwad and is a derivative applicant on her spouse's immigrant visa application.   Plaintiffs Tasnim Abu Awwad, Aseel Abu Awwad, Mohammad Abu Awwad and Malak Abu Awwad are the minor, unmarried children of Plaintiff Raed Abu Awwad and Plaintiff Iftikar  Abu Awwad and are listed as derivate applicants on their father's immigrant visa application.

3.   As a U.S. Citizen, Plaintiff Mohammed Abdel Aziz filed an I-130 Petition for Alien Relative on behalf of his son, Plaintiff Raed Abu Awwad, who is living in Palestine.  The I-130 Petition was duly approved and then transferred to the National Visa Center for further processing and scheduling of the immigrant visa interview(s) with the Defendant United States Embassy in Jerusalem, Israel.

4.   After Plaintiff Mohammed Abdel Aziz's I-130 Petition for Alien Relative was approved the case was sent to the National Visa Center for further processing and scheduling of the required consular interview.   On November 19, 2018, Plaintiff Raed Abu Awwad submitted his DS-260 online application to the National Visa Center as a prerequisite to the scheduling of his required consular interview.   (**Exhibit A – Immigrant Visa and Alien Registration Application Confirmation**).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 2

5.    Subsequent to his completion of the online DS-260 application, Plaintiff Raed Abu Awwad received an e-mail from the Defendant United States Embassy in Jerusalem, Israel scheduling his required consular interview to take place at the Embassy on April 29, 2019. **(Exhibit B – scheduling notice e-mail)**.

6.    On the date of the scheduled interview(s), all of the Plaintiffs attended the consular interviews at the Defendant United States Embassy in Jerusalem, Israel and provided testimony and documents in support of their immigrant visa applications.    At the conclusion of the interviews, Plaintiffs were informed by the Embassy that a decision on their visa applications could not then be determined and that further administrative processing pursuant to INA 221(g) would be required.

7.    Shortly after the April 29, 2019 immigrant visa interview, Plaintiff Raed Abu Awwad sent the requested documents to the interviewing officer at the Defendant U.S. Embassy in Jerusalem, Israel by a designated courier service.

8.    After he submitted the required documents to the Defendant United States Embassy in Jerusalem, Israel, he heard nothing further from the Embassy, there was no indication if his immigrant visa was denied or granted, or, if additional information and/or documents were required, rather, there was simply no response.

9.    On December 28, 2022, the undersigned attorney sent an e-mail to the Defendant United States Embassy in Jerusalem, Israel in which he advised that the additional documents requested by the Embassy subsequent to the immigrant visa interview had been timely provided, and,

requested an update as to when the immigrant visas would be issued.  **(Exhibit C- December 28, 2022 e-mail to Defendant United States Embassy in Jerusalem, Israel)**.

10. On December 29, 2022, the Defendant United States Embassy in Jerusalem, Israel, responded to the undersigned's email from the previous day and advised that the Plaintiffs' case was then undergoing administrative processing and that it typically took 9 months to complete but that sometimes it took longer and no estimate to when it would be completed could be provided.   **(Exhibit D – email from Defendant United States Embassy in Jerusalem, Israel)**.

11. More than three years after their visa interview at the Defendant U.S. Embassy, the Plaintiffs are still in the midst of waiting for administrative processing to be completed. The Plaintiffs have still not received any further communications or information from the Defendant U.S. Embassy in Jerusalem, Israel about when the administrative processing will be completed. They have timely submitted all of the documentation that were requested from them and there is nothing further they can do to expedite the adjudication of their immigrant visa applications. They have no way of knowing how much longer they will have to wait to have their immigrant visas issued, despite being the immediate relatives of a U.S. Citizen, for which there is no backlog of pending cases, their case is being delayed for an interminable period of time with no end in sight.

12. Defendants have violated the Administrative Procedures Act ("APA") by failing to process and issue a final decision on Plaintiff Raed Abu Awwad's immigrant visa application(s) which have been undergoing administrative processing with no foreseeable end in sight.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 4

Plaintiffs seek to compel Defendants, through a writ of mandamus, to either grant or deny

Plaintiffs' pending immigrant visa applications.

### **PARTIES**

13. Plaintiff MOHAMMED ABDEL AZIZ submitted an I-130 Petition for Alien Relative on

behalf of his son Raed Abu Awwad which was thereafter duly approved.

14. Plaintiff RAED ABU AWWAD is the son of Plaintiff Mohammed Abdel Aziz and is the

beneficiary of his approved I-130 Petition for Alien Relative.    Plaintiff IFTIKAR ABU

AWWAD is the spouse of Plaintiff Raed Abu Awwad and is also the beneficiary of the approved

I-130 Petition for Alien Relative submitted by Plaintiff Mohammed Abdel Aziz.

15. Plaintiffs TASNIM ABU AWWAD, ASEEL ABU AWWAD, MOHAMMAD ABU

AWWAD and MALAK ABU AWWAD are the minor children of Plaintiff Raed Abu Awwad

and Plaintiff Iftikar Abu Awwad and are also the beneficiaries of the approved I-130 Petition for

Alien Relative submitted by Plaintiff Mohammed Abdel Aziz.

16. Defendant UNITED STATES DEPARTMENT OF STATE (hereinafter "State

Department") is an agency of the United States government involved in the acts challenged,

employs the officers named as defendants, and includes the U.S. Embassy in Jerusalem, Israel its

Charge d' Affaires, and officers named as defendants in this complaint.

17. Defendant ANTONY J. BLINKEN. (hereinafter "Secretary Blinken") is sued in his

official capacity as the Secretary of State, as the head of the Department of State, as he is

charged with the administration and the enforcement of immigration and nationality laws relating

to the powers, duties, and functions of diplomatic and consular officers of the United States.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF
IMMIGRATION MANDAMUS - 5

18. Defendant IAN G. BROWNLEE (hereinafter "Assistant Secretary Brownlee") is sued in his official capacity as the Assistant Secretary of State for Consular Affairs, as he is charged with oversight of all consular, including visa, matters.

19. Defendant WENDY RUTH SHERMAN (hereinafter "Deputy Secretary Sherman") is sued in her official capacity as the Deputy Secretary of State, as she is charged with acting as deputy to the Secretary of State, which deals with the enforcement of immigration and nationality laws, which includes duties and functions of diplomatic and consular officers of the United States.

20. Defendant CATHERINE BARRY (hereinafter "Senior Advisor at U.S. Department of State") is sued in her official capacity as the Senior Advisor of the U.S. Department of State, as she is charged with all matters relating to visas and the administration of visa-related laws.

21. Defendant MICHAEL RATNEY (hereinafter "Charge D' Affaires Ratney") is the Charge d' Affaires of the U.S. Embassy in Jerusalem, Israel. This suit is brought against Charge D' Affaires Ratney in his official capacity, as he is charged with matters relating to the consular affairs in the U.S. Embassy in Jerusalem, Israel.

22. Defendant UNITED STATES EMBASSY IN JERUSALEM, ISRAEL is a mission within Defendant Department of State and is involved in the acts challenged in this action. The United States Embassy in Jerusalem, Israel is responsible for processing Plaintiffs' visa applications.

23. Defendant CHRISTINE PARKER (hereinafter "Chief Parker") is the Chief of Outreach and Inquiries in the Visa Division of Visa Services in the Department of State. This suit is

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 6

brought against Chief Parker in her official capacity, as she is charged with all matters relating to inquiries in the Visa Division.

## **JURISDICTION**

24. The Administrative Procedure Act recognizes a right of judicial review for any person "suffering legal wrong because of an agency action or aggrieved or adversely affected by such action within the meaning of any relevant statutes." 5 U.S.C. § 702. Plaintiffs suffered a legal wrong and continue to suffer because of the Defendants' failure to act upon the pending immigrant visa application for indefinite periods of time.

25. This Court has jurisdiction over the present action pursuant to 8 C.F.R. § 204, Immigration & Nationality Act §203 (b)(1)(C); 28 U.S.C. § 1131; 28 U.S.C. §1361, the Mandamus Act; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701-706, the Administrative Procedures Act. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412(d), et seq. Relief is requested pursuant to said statutes.

## **VENUE**

26. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under the color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a plaintiff resides, so long as no real property is involved in the action. Plaintiff Mohammed Abdel Aziz

resides in Fontana, California, which is located in the Central District of California. No real property is involved in this action. Therefore, venue is proper in this Court.

## EXHAUSTION OF REMEDIES

27. Plaintiffs have no administrative remedies. Plaintiffs have made several inquiries to the Defendant U.S. Embassy in Jerusalem, Israel since the immigrant visa interview on April 29, 2019, to no avail. There are no administrative remedies for neglect of duty.

## CAUSE OF ACTION

28. Plaintiff Mohammed Abdel Aziz submitted an I-130 Petition for Alien Relative for his son Plaintiff Raed Abu Awwad and his family members, Plaintiffs Iftikar Abu Awwad, Tasnim Abu Awwad, Aseel Abu Awwad, Mohammad Abu Awwad and Malak Abu Awwad to the United States Citizenship and Immigration Service. The I-130 Petition(s) for Alien Relative was duly approved and thereafter Plaintiff Raed Abu Awwad and his family members were scheduled for their consular interviews on April 29, 2019 at the Defendant US Embassy in Jerusalem, Israel.

29. Plaintiffs Nasser Abu Awwad and his family members attended their scheduled interviews at the Embassy and the interviews were concluded. At the conclusion of the interviews, the Plaintiffs were notified that their cases would have to undergo further administrative processing and that Plaintiff Raed Abu Awwad would have to submit additional documentation. Thereafter, Plaintiff Raed Abu Awwad timely submitted the requested additional documentation back to the consular officer at the Defendant United States Embassy in Jerusalem, Israel.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 8

30.    After receiving no further communications from the consular officer at the Defendant United States Embassy in Jerusalem, Israel about the status of his pending immigrant visas, on December 28, 2022, Plaintiff Raed Abu Awwad, through the undersigned attorney, sent an e-mail to the Embassy inquiring about the status of the pending immigrant visas.   In return, on December 29, 2022, the Defendant United States Embassy in Jerusalem, Israel sent the undersigned attorney an e-mail in which it acknowledged having received the additional documentation requested at the conclusion of the immigrant visa interview on April 29, 2019, but that the case was undergoing administrative processing and that it could not provide a date when the administrative processing would be completed and the immigrant visas issued.

31.    Defendant U.S. Embassy in Jerusalem has a duty to adjudicate visa applications in a timely manner once it has received all necessary documents and information relating to the visa applicant.   In this case, shortly after the conclusion of the immigrant visa interview on April 29, 2019, Plaintiff Raed Abu Awwad provided all of the additional documents that had been requested of him and since that date, there has been no indication of when his immigrant visa application will be approved with that of his wife Plaintiff Iftikar Abu Awwad and their children.

32. Under 28 U.S.C. § 1361, the district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

33. Under the Administrative Procedures Act, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

34. Administrative processing, according to the Department of State website, takes around 60 days. In this case, it has been more than three years since the interview date.

35. Beginning shortly after Plaintiff Raed Abu Awwad submitted additional documentation to Defendant U.S. Embassy in Jerusalem, Israel and continuing up to the present date, Plaintiff Raed Abu Awwad has communicated with the Defendant U.S. Embassy in Jerusalem to learn about the status of the pending immigrant visa application for himself and his spouse, Plaintiff Iftikar Abu Awwad and their children, but no relevant information has been forthcoming.

36. The issuance or denial of visas is the responsibility of the consular officers and was conferred by the Immigration and Nationality Act of 1952. *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986); 8 U.S.C. § 1201(a)(1)(2004); 8 U.S.C. §§ 1101(a)(9), (16) (2004). The INA which governs visa processing "confers upon consular officers exclusive authority to review applications for visas." *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999); INA § 201(b)(2)(A)(i).

37. No judicial or administrative review is available for a consular officer's decision to issue or deny a visa as this has been held to be a discretionary duty. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997); *Li Hing of Hong Kong, Inc.*, 800 F.2d at 971.

38. The Court in *Patel* established that the non-reviewability doctrine is inapplicable when a consular officer fails to follow his or her discretionary duties, and that failure to make a decision to issue or deny a visa is such a non-discretionary duty. *See Patel*, 134 F.3d at 931. The APA is to seek redress for unreasonable delays. Courts use factors to determine the unreasonable delays. *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). The

Court considers whether the time an agency takes to render a decision is governed by rule of law, where Congress has provided a time table, delays in the realm of economic regulation are less tolerable when human health and welfare are at stake, consideration of the effect of expediting delayed action on agency actions of higher or competing priority, nature and extent of interests prejudiced by delay, and the impropriety of agency lassitude is not required to find that the agency action has been unreasonably delayed. *Id.*

39. Per 22 C.F.R. § 42.81(a), action on a visa application by the consular officer is mandatory. The consular officer must either issue or refuse the visa. Under the State Department's Foreign Affairs Manual, Section 237 of Public Law 106-113 and subsequent legislation requires that the Department establish a policy under which immediate relative (and fiancé(e)) visas be processed within 30 days of receipt of the necessary information from the applicant and the Department of Homeland Security (DHS); all other family-based immigrant visas (IV) must be processed within 60 days. The Department expects all posts to strive to meet the 30/60-day requirements." *See 9 FAM 504.7-2.*

## **CLAIM FOR RELIEF**

40. Plaintiffs' claim in this action is clear and certain. Plaintiffs reallege paragraphs 1 through 39, and, as if fully set forth, Plaintiffs are entitled to an order in the nature of mandamus to compel Defendants to complete administrative processing and issue the immigrant visas for Plaintiff Raed Abu Awwad and Plaintiff Iftikar Abu Awwad and all of their children.

41. As a result of Defendants' failure to perform their duties, Plaintiffs have suffered, are suffering, and will continue to suffer irreparable harm. Specifically: Plaintiff Raed Abu Awwad

and Plaintiff Iftikar Abu Awwad and all of their children are prevented from seeking the safety

and shelter of living in the United States with Plaintiff Mohammed Abdel Aziz.   The prolonged

separation of Plaintiffs' family is causing needless suffering and there is no indication of when it

will end.   Plaintiffs' lives are completely in the hands of the Defendants during this interminable

pendency of their applications for immigrant visas.

42. In failing to act on these immigrant visa applications, Defendants are acting directly in

contradiction of the congressional intent, to promote family unity, for relatives of U.S. citizens

and lawful permanent residents.

43. The Defendants, in violation of the Administrative Procedures Act and 22 C.F.R.

42.81(a), are unlawfully withholding or unreasonably delaying action on Plaintiff Raed Abu

Awwad's immigrant visa application and have failed to carry out the non-discretionary

adjudicative functions delegated to them by law with regard to Plaintiffs' cases.

44. The duty of the Defendants is non-discretionary, ministerial, and so plainly described as

to be free from doubt that mandamus is appropriate.

45. Plaintiff Raed Abu Awsad has made several attempts to learn about the status of the

pending immigrant visa applications, all to no avail.  Only consular officers are able to make

decisions on visa issuance or denial, leaving no adequate remedy.  Accordingly, Plaintiffs have

been forced to pursue the instant action.

## **PRAYER**

46. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court:

    a.   Accept jurisdiction and maintain continuing jurisdiction of this action;

    b.   Declare as unlawful the violation by Defendants of failing to act on an approved relative petition, and properly filed visa applications;

    c.   Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

    d.   Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to take action on Plaintiff Raed Abu Awwad and his family's immigrant visa applications, to notify them whether the pending visa applications have been granted or denied, and if granted, of the procedures to be followed for the receipt of their visa;

    e.   Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling the Defendants to take action on Plaintiff Raed Abu Awwad's immigrant visa application by either approving or refusing said applications, and if the applications are refused, that the decision include justification to preclude the sense of retaliation for having brought this lawsuit or having exposed the Defendants' neglect;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 13

f.  Grant attorney's fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412;

g.  Grant such other relief at law and in equity as justice may require.

Dated this January 12, 2023        Respectfully Submitted,

/s/ Salah Khatib

Salah Khatib, Esq.
Counsel for Plaintiffs

**LIST OF EXHIBITS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE**

**RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS**

**ABDEL AZIZ v. UNITED STATES DEPARTMENT OF STATE, et al.**

| Exhibit | | Page |
|---|---|---|
| **A** | Immigrant Visa and Alien Registration Application Confirmation | 1-2 |
| **B** | Email from Defendant United States Embassy in Jerusalem, Israel confirming immigrant visa interview | 3 |
| **C** | December 28, 2022 e-mail to Defendant United States Embassy in Jerusalem, Israel regarding status of pending immigrant visas | 4 |
| **D** | December 29, 2022 email from Defendant United States Embassy in Jerusalem, Israel regarding status of pending immigrant visas | 5 |

**EXHIBIT A**

**U.S. DEPARTMENT of STATE**
CONSULAR ELECTRONIC APPLICATION CENTER

Online Immigrant Visa and Alien Registration Application (DS-260)

# Immigrant Visa and Alien Registration Application Confirmation

## Thank You

You have successfully submitted an Immigrant Visa and Alien Registration Application (Form DS-260). You must bring to your visa interview proof that you submitted this form by printing a confirmation page using the below button. Do not print a copy of this screen; use the below PRINT CONFIRMATION button to print a page with a unique barcode related to your visa application. You can print a confirmation from this website at any time.

## Next Step

Your Immigrant Visa and Alien Registration Application (Form DS-260) was sent to the National Visa Center (NVC) for review. **However, NVC will not review your Form DS-260 until they have received the required financial and civil documents that you must also submit.** If you have not sent NVC those items, please do so now. Visit http://nvc.state.gov (English) or http://nvc.state.gov/espanol (Spanish) and review Steps 4-6 for instructions.

NVC will review your DS-260 IV application, financial, and civil documents upon receipt of all documents. If the documents you submitted are insufficient or incomplete, NVC will send instructions on how to correct your submission. NVC cannot schedule your visa interview until your supporting documentation is complete.

## Your Visa Interview

Once you have a visa interview appointment, you need to:

1. Obtain and submit photographs that meet the Department of State's visa requirements.
2. Review the information for the U.S. Embassy where your visa interview will occur.

Please use the buttons below for information on these items as well as instructions for submitting documents to NVC.

During the interview with a consular officer, you will be required to sign your application by providing a "biometric signature" – in other words, your fingerprints. By providing this biometric signature, you are certifying under penalty of perjury that you have read and understood the questions in your immigrant visa application. You are also certifying that all statements that appear in your immigrant visa application have been made by you and are true and complete to the best of your knowledge and belief. At the time of your interview, you will also be required to certify under penalty of perjury that all statements in your application and those made during your interview are true and complete to the best of your knowledge and belief.

**This confirms the submission of the Immigrant Visa and Alien Registration application for:**

| | |
|---|---|
| Name Provided: | ABU AWWAD, RAED MOHAMMAD |
| Country/Region of Origin (Nationality): | PALESTINIAN AUTHORITY |
| Completed On: | 19 NOV 2018 |
| Case No: | JRS2007310009 |
| Confirmation No: | AA008H01UW |

**THIS IS NOT A VISA**

Version 01.02.00

Online Immigrant Visa and Alien Registration Application (DS-260)

# Immigrant Visa and Alien Registration Application Confirmation

## Thank You

You have successfully submitted an Immigrant Visa and Alien Registration Application (Form DS-260). You must bring to your visa interview proof that you submitted this form by printing a confirmation page using the below button. Do not print a copy of this screen; use the below PRINT CONFIRMATION button to print a page with a unique barcode related to your visa application. You can print a confirmation from this website at any time.

## Next Step

Your Immigrant Visa and Alien Registration Application (Form DS-260) was sent to the National Visa Center (NVC) for review. **However, NVC will not review your Form DS-260 until they have received the required financial and civil documents that you must also submit.** If you have not sent NVC those items, please do so now. Visit http://nvc.state.gov (English) or http://nvc.state.gov/espanol (Spanish) and review Steps 4-6 for instructions.

NVC will review your DS-260 IV application, financial, and civil documents upon receipt of all documents. If the documents you submitted are insufficient or incomplete, NVC will send instructions on how to correct your submission. NVC cannot schedule your visa interview until your supporting documentation is complete.

## Your Visa Interview

Once you have a visa interview appointment, you need to:

1. Obtain and submit photographs that meet the Department of State's visa requirements.
2. Review the information for the U.S. Embassy where your visa interview will occur.

Please use the buttons below for information on these items as well as instructions for submitting documents to NVC.

During the interview with a consular officer, you will be required to sign your application by providing a "biometric signature" – in other words, your fingerprints. By providing this biometric signature, you are certifying under penalty of perjury that you have read and understood the questions in your immigrant visa application. You are also certifying that all statements that appear in your immigrant visa application have been made by you and are true and complete to the best of your knowledge and belief. At the time of your interview, you will also be required to certify under penalty of perjury that all statements in your application and those made during your interview are true and complete to the best of your knowledge and belief.

**This confirms the submission of the Immigrant Visa and Alien Registration application for:**

| | |
|---|---|
| Name Provided: | ABU AWWAD, RAED MOHAMMAD |
| Country/Region of Origin (Nationality): | PALESTINIAN AUTHORITY |
| Completed On: | 19 NOV 2018 |
| Case No: | JRS2007310009 |
| Confirmation No: | AA008H01UW |



JRS2007310009



AA008H01UW

**THIS IS NOT A VISA**

Version 01.02.00

**EXHIBIT B**

It is critical that your online application, available at https://ceac.state.gov/IV/Login.aspx, be properly completed and submitted prior to the day of your interview to avoid lengthy delays. If the application is not completed and submitted per the instructions available on our website, https://il.usembassy.gov/visas/immigrant-visas, your interview will be rescheduled.

Should you have any questions, please do not hesitate to email us at Jerusalemivinquiries@state.gov.    Provide your name and case number exactly as shown in this letter.

We look forward to seeing you soon.

Sincerely,

Immigrant Visa Unit

Visa Appointment

Date    Time
*********************

29 APR 2019   08:30

Case Number: JRS2007310009

Name (P): ABU AWWAD, RAED MOHAMMAD

Preference Category: F3 - JORD

(S) ABU AWWAD, IFTIKAR           21 JAN 1978

(C) ABU AWWAD, JANAT            27 MAR 1998

(C) ABU AWWAD, TASNIM           15 MAR 2000

(C) ABU AWWAD, ASEEL            21 DEC 2002

(C) ABU AWWAD, MOHAMMAD         20 NOV 2005

3

**EXHIBIT C**

...

Case Number: JRS2007310009
Petitioner name: ABDEL AZIZ, MOHAMMED
Principal Applicant: ABU AWAD, RAED MOHAMMAD    D.O.B: 09/27/1972

1

**Dear Consular Officer,**
Please find attached G-28 signed by the Petitioner.
The applicant and his family members in the above referenced case were interviewed at your post on 04/29/2019. They were asked to send you further documents and submit DS-5535, which they did timely. We kindly ask to update us on the case status.
Please let us know if further information and documentation required.


Looking forward to hearing from you.


Best Regards,
Abusharar and Associates
501 N. Brookhurst Street. Ste 202
Anaheim, CA 92801
Phone #: (714)535-5600
Fax #: (714) 535-5605

**EXHIBIT D**

**Info**

| | |
|---|---|
| **From:** | Jerusalem, IV Attorneys (Jerusalem) <JerusalemIVAttorneys@state.gov> |
| **Sent:** | Thursday, December 29, 2022 12:58 AM |
| **To:** | Info |
| **Subject:** | RE: JRS2007310009/ ABU AWAD, RAED |

Dear Sir,

Your client's case is pending due to required additional administrative processing. Administrative processing refers to various additional steps that must be taken before a visa can be issued. Typically, this process lasts at least 9 months but, on occasion, it can take longer. We are not able to take any further action until the additional administrative processing is complete. Once the additional administrative processing is complete, a consular officer will review the case. The following documents may require renewal at the conclusion of the administrative processing:

1. Police certificates: valid for 2 years from the date of issuance.
2. DS-260: valid for one year from the date of signature.
3. Medical report: valid for six months from the date of the exam.

You may now check on the status of your pending immigrant visa application online by visiting the Department of State's Consular Electronic Application Center (CEAC) website: https://ceac.state.gov/ceac/.

**Immigrant Visa Section (RG)**
U.S. Embassy in Jerusalem
The U.S. Privacy Act prohibits us from including Personally Identifiable Information (PII) in correspondence sent by this office. Therefore, any PII included in your original message will be deleted in our reply. Kindly make sure to include your full name as it appears in your passport in the subject line of all inquiries.
The Visa Section does not receive inquiries by telephone.
Street Address: 14 David Flusser, Jerusalem 9378322
(Near the former Diplomat Hotel, now the Caprice Diamond Center)
Follow us on our Facebook page!
For more information you can also go to https://il.usembassy.gov/visas/immigrant-visas/ and http://travel.state.gov.